UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>                    Plaintiff,<br>vs.<br><br>CAROL B. SANDIN; SUSAN M. BOWMAN, as personal representative of ESTATE of RICHARD M. RUPOLII,<br><br>                    Defendants. | 4:18-CV-4045-LLP<br><br><br>**ORDER DENYING MOTION TO TRANSFER TO CIRCUIT COURT** |

Pending before the Court is Defendant, Susan M. Bowman's (personal representative of the Estate of Richard M. Rupolii) ("Bowman") Motion to Transfer interpleader funds to the Second Circuit Clerk of Courts in Minnehaha County, South Dakota with case number 29PRO.17-000151. (Doc. 27). Defendant, Carol B. Sandin, has filed a response, indicating that she has no objection to Bowman's motion. (Doc. 28). Plaintiff, Transamerica Life Insurance Company ("Transamerica"), has not joined Defendants' motion.

## BACKGROUND

On April 27, 2018, Transamerica filed a Complaint for Interpleader Relief pursuant to Rule 22 of the Federal Rules of Civil Procedure against Defendants Sandin and Bowman as personal representative of the Estate of Richard M. Rupolii. (Doc. 1). Rule 22 details the grounds for interpleader by a plaintiff as follows:

> (1) *By a Plaintiff.* Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though:
> (A) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or
> (B) the plaintiff denies liability in whole or in part to any or all of the claimants.

Fed. R. Civ. P. 22. In its Complaint, Transamerica alleges that on November 14, 2007, it issued life insurance Policy No. 01-3383062 naming Rupolli's then wife, Sandin, as the beneficiary.

1

(Doc. 1, ¶ 10). It is alleged that Rupolii and Sandin subsequently divorced and a Judgment of Decree of Divorce was entered on March 24, 2017, and thereafter, Rupolli died on May 3, 2017. (Doc. 1, ¶¶ 11-12). Transamerica alleges that both Sandin and Bowman (on behalf of the Estate) claim to be the beneficiary of the Policy and that Transamerica is in doubt as to who should be paid based on the divorce of the parties and SDCL 29A-2-804. (Doc. 1, ¶¶ 15-16). Transamerica alleges that it is unable to discharge its admitted liability of $153,789 under the Policy without exposing itself to multiple litigation or multiple liability or both, and moved the Court for leave to deposit its admitted liability of $153,789. (Doc. 1, ¶¶ 17, 19). The Court's jurisdiction over this matter is based upon diversity of citizenship.

Pursuant to a Stipulation filed by the parties, on August 12, 2019, the Court ordered that:

1. Transamerica, pursuant to Federal Rule of Civil Procedure 67, may deposit the proceeds of decedent Richard M. Rupolii's insurance policy in the amount of $153,789.00 with this Court, without bond or surety;
2. In exchange for Transamerica depositing the funds, the Defendants are enjoined during the pendency of this case and thereafter permanently and perpetually from commencing or prosecuting any proceeding or claim against Transamerica in any state or federal court or other forum with respect to the insurance proceeds payable under Transamerica's policy and on account of the death of Richard M. Rupolii;
3. Transamerica has no further liability to the Defendants or any of them or to any person or entity claiming through the Defendants, or any of them, for the life insurance benefits payable on account of the death of Richard M. Rupolli;
4. That Transamerica is excused from further attendance on this cause and Defendants shall litigate any claims and contentions to the Policy proceeds without further involvement of Transamerica; and
5. That upon entry of a Final Order in the State Court action, Bowman and Sandin will file the same with this Court. Upon receipt of that Final Order, the Court will authorize release of the funds in the manner directed by that Final Order.

(Docs. 14-15). On August 26, 2019, the Court received Transamerica's interpleader deposit of $153,789.00. (Doc. 17).

On July 27, 2021, Bowman, as personal representative of the Estate, filed a Motion to Transfer interpleader funds to the Second Circuit Clerk of Courts in Minnehaha County, South Dakota with case number 29PRO.17-000151. (Doc. 27). Therein, Bowman stated that the claimants continue to engage in discovery and settlement negotiations which have been delayed due to the COVID pandemic and to Bowman's health. (Doc. 27). Bowan states that the matter

"will be heard and decided by a Second Circuit Court Judge and the parties need additional time to complete discovery and/or come to a reasonable settlement" and that "Plaintiff will be notified if a settlement can be reached or when a trial has been scheduled." (Doc. 27). The adverse claimant, Sandin, filed a response to Bowman's motion stating that:

> [She] has no objection to the funds deposited pursuant to Federal Rule of Civil Procedure 67 being withdrawn pursuant to 28 U.S. 2042 by Order of the Court and being deposited pursuant to SDCL 15-6-67(a) with the Second Circuit Clerk of Courts in Minnehaha County, South Dakota, into such depository as the Court may designate, subject to withdraw as ordered by the Court and subject to statements of claim made in 49PRO17-000151-being resolved by said Court.

(Doc. 28). Transamerica has not responded to Bowman's Motion to Transfer funds.

## DISCUSSION

Rule 67 of the Federal Rules of Civil Procedure provides:

> (a) **Depositing Property.** If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.
> (b) **Investing and Withdrawing Funds.** Money paid into court under this rule must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute. The money must be deposited in an interest-bearing account or invested in a court-approved, interest-bearing instrument.

Fed. R. Civ. P. 67. Section 2041, "Deposit of moneys in pending or adjudicated cases" provides that:

> All moneys paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court.
>
> This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

28 U.S.C. § 2041.

Section 2042, "Withdrawal," provides that:

> No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

3

> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

28 U.S.C. § 2042.

Neither Bowman, the moving party in this matter, nor Sandin have cited any legal authority showing that the Court may transfer jurisdiction over the interpleader deposit to state probate court upon motion by Claimants, the defendants in this interpleader action. Even if Transamerica had joined in this Motion to Transfer, the statutes cited above do not provide the Court with the power to invoke the jurisdiction of the state court. If, for example, Transamerica asserted its interpleader claim in a state court proceeding, it could dismiss its interpleader action in this Court and this Court would then have authority to transfer the funds at issue into the registry of the state court. *See Espat v. Espat*, 56 F.Supp.2d 1377, 1385 (M.D. Fla. Jul. 19, 1999). However, such is not presently the case. It is not clear to this Court that the probate proceeding in state court could resolve this dispute as opposed to a state court interpleader action, which could. This Court has resolved by decision a dispute between competing parties to more than ten million dollars in life insurance proceeds in *SPV-LS, LLC v. Transamerica Life Insurance Co.*, Civ. No. 14-4092, 2016 WL 7176585 (D.S.D. Dec. 8, 2016) and 2017 WL 3668765 (D.S.D. Aug. 23, 2017), *aff'd in part and rev'd in part*, 912 F.3d 1106 (8th Cir. 2019).

Accordingly, it is hereby ORDERED that Bowman's Motion to Transfer (Doc. 27) is DENIED.

Dated this 21st day of September, 2021.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
*[signature]*

4